## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN HINKLE** | : | |
| **704 Philo Street** | : | |
| **Scranton, PA 18508** | : | |
| **Plaintiff** | : | **CIVIL ACTION** |
| | : | **No.** |
| **vs.** | : | |
| | : | **PLAINTIFF REQUESTS A TRIAL** |
| **ARLEY WHOLESALE, INC.** | : | **BY JURY** |
| **700 North South Road,** | : | |
| **Scranton, PA 18504** | : | |
| **Defendant** | : | |
| | : | |

### COMPLAINT

### I. PRELIMINARY STATEMENT

1. This is an action for an award of damages, declaratory and injunctive relief, attorneys' fees and other relief on behalf of Plaintiff, John Hinkle. Plaintiff was an employee of Defendant, Arley Wholesale, Inc. Plaintiff was harmed by the Defendant's discriminatory and retaliatory employment practices.

2. This action arises under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq,* and Shick v. Shirey, 552 Pa. 590 (1998).

### II. JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked, and venue is proper in this district, pursuant to 28 U.S.C. § 1391 as Plaintiff's claims are substantively based on the ADA. Further, the actions and/or conduct in terminating/firing plaintiff for the injuries sustained at work and within the coverage of the Workers' Compensation Act ("Act"), and/or for asserting his legal rights under the Act abridges a significant and recognized public policy as articulated in Shick v. Shirey, 552 Pa. 590 (1998).

1

4. All conditions precedent to the institution of this suit have been fulfilled, such as exhausted administrative remedies and obtaining "Notice of Suit Rights" letters from the U.S. Equal Employment Opportunity Commission ("EEOC"). Plaintiff has satisfied all jurisdictional prerequisites to the maintenance of this action.

### III.   PARTIES

5. The Plaintiff herein is:

> John Hinkle
> 704 Philo Road
> Scranton, Pennsylvania 18508

6. The Defendant herein is:

> Arley Wholesale, Inc.
> 700 North South Road
> Scranton, Pennsylvania 18504

It is further averred that Plaintiff has worked for Defendant.

### IV.   UNDERLYING FACTS

7. The Defendant, upon information and belief, employed 15 or more persons when the unlawful conduct alleged in this Complaint occurred.

8. At all times relevant hereto, Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of their employment, and under the direct control of Defendant.

9. At all times material herein, Defendant is and has been a "person" and "employer" as defined under the ADA and is accordingly subject to the provisions of the Act.

10. On or about October 24, 2019, while employed by the Defendant, Plaintiff was injured in the course and scope of his employment.

11. Plaintiff's injury impacted one or more major life activities, thus qualifying as a disability under the Americans with Disabilities Act.

12. Following Plaintiff's injury, he needed to take time off of work as a reasonable accommodation while he was treating for his injury.

13. During Plaintiff's leave, he retained counsel and pursued a workers' compensation claim.

14. While he was out on leave, Plaintiff received a text from his supervisor.

15. His supervisor asked him if he retained an attorney and if he was really going through with legal action.

16. When Plaintiff told his supervisor "yes," his supervisor told him words to the effect of "I'll remember that, you did this to yourself then."

17. On or about December 31, 2019, Plaintiff was terminated.

18. Plaintiff alleges that Defendant, through its agents, servants, and employees, failed to engage in the interactive process required to provide a reasonable accommodation for his disability.   Plaintiff alleges that Defendant, through its agents, servants, and employees, discriminated against him for having a disability protected under the Americans with Disabilities Act, and retaliated against him for exercising his rights under the Act.  Plaintiff further believes and avers that Defendant retaliated against him by terminating his employment for seeking workers' compensation benefits.  These actions constitute violations of the Americans with Disabilities Act of 1990 ("ADA"), and Shick v. Shirey, 552 Pa. 590 (1998).

## COUNT I

### Discrimination Under the ADA

19. Paragraphs 1-18 are incorporated as if set forth at length herein.

20. Plaintiff was terminated when on a medical leave in order to treat his medical condition he suffered through the course and scope of his employment.

21. Plaintiff's employer showed clear discriminatory animus about the fact he was out on leave.

22. Plaintiff's termination violated the Americans with Disabilities Act in multiple ways.

23. First, Plaintiff was terminated because of his disability / perceived disability in violation of the Americans with Disabilities Act.

24. Second, Defendant failed to engage in the interactive process and reasonably accommodate the Plaintiff, by terminating him rather than complete the reasonable accommodation of unpaid leave.

25. Lastly, Defendant retaliated against Plaintiff for exercising his rights under the ADA, namely seeking a reasonable accommodation.

26. Defendant unlawfully discriminated, retaliated, and terminated the Plaintiff in violation of the ADA.

## COUNT II

### Pennsylvania Common Law Wrongful Termination

27. Plaintiff Incorporates paragraphs 1 through 26 as if stated at length herein.

28. Plaintiff was injured during the course and scope of his employment.

29. Plaintiff rightfully pursued workers' compensation benefits to compensate him for the time he was out of work due to his work-related medical condition.

30. Plaintiff was then retaliated against and terminated for seeking workers' compensation benefits.

31. Plaintiff was wrongfully discharged in violation of public policy.

32. Plaintiff was wrongfully terminated in violation of Pennsylvania common law.

## PRAYER FOR RELIEF

33.      Plaintiff incorporates paragraphs 1 through 32 as if set forth at length.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in his favor against the Defendant, and order that:

A.      Defendant compensate Plaintiff with back pay, at a rate of pay and other benefits and emoluments of employment to which he would have been entitled had he not been subjected to unlawful discrimination based on his disability.

B.      Defendant compensate Plaintiff with an award of front pay, if appropriate;

C.      Defendant pay to Plaintiff punitive damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses as allowable;

D.      Defendant pay to Plaintiff pre and post judgment interest, the costs of suit and attorney and expert witness fees as allowed by law;

E.      Defendant shall eliminate all unlawful discriminatory practices as well as remedy the discriminatory effect of past practices and procedures;

F.      The Court shall award such other relief as if deemed just and proper, in law and/or equity, including injunctive relief if the Honorable Court deems said relief appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury.


Respectfully submitted,

**MALAMUT&ASSOCIATES, LLC**


By: /s/ Mark R. Natale_____
Mark R. Natale, Esq.
PA Bar no. 316939
457 Haddonfield Road, Suite 500
Cherry Hill, New Jersey 08002
856-424-180
Fax: 856-424-2032
mnatale@malamutlaw.com